**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN KEITH BRIM,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PAUL COPENHAVER,<br><br>　　　　Respondent. | Case No. 13:-cv-00433-BAM-HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION FOR LACK OF SUBJECT MATTER JURISDICTION (DOCS. 22, 1), DISMISSING THE PETITION (DOC. 1), DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECTING THE CLERK TO CLOSE THE CASE |

　　　Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on April 4, 2013, and on behalf of Respondent on May 24, 2013.

　　　Pending before the Court is the Respondent's motion to dismiss the petition for lack of subject matter jurisdiction, which was filed on July 26, 2013, along with supporting documentation.

Petitioner filed opposition styled as a traverse on August 5, 2013. Although the time for filing a reply has passed, no reply was filed.

## I. Proceeding by a Motion to Dismiss

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

Title 28 U.S.C. § 2241 provides that writs of habeas corpus may be granted by a district court within its jurisdiction only to a prisoner whose custody is within enumerated categories, including but not limited to custody under the authority of the United States or custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(a), (c)(1) and (3).

A district court must award a writ of habeas corpus or issue an order to show cause why it should not be granted unless it appears from the application that the applicant is not entitled thereto. 28 U.S.C. § 2243. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) is applicable to proceedings brought pursuant to § 2241. Habeas Rule 1(b). Habeas Rule 4 permits the filing of "an answer, motion, or other response," and thus it authorizes the filing of a motion in lieu of an answer in response to a petition. Rule 4, Advisory Committee Notes, 1976 Adoption and 2004 Amendments. This gives the Court the flexibility and discretion initially to forego an answer in the interest of screening out frivolous applications and eliminating the burden that would be placed on a respondent by ordering an unnecessary answer. Advisory Committee Notes, 1976 Adoption. Rule 4 confers upon the

Court broad discretion to take "other action the judge may order," including authorizing a respondent to make a motion to dismiss based upon information furnished by respondent, which may show that a petitioner's claims suffer a procedural or jurisdictional infirmity, such as res judicata, failure to exhaust state remedies, or absence of custody. Id.

The Supreme Court has characterized as erroneous the view that a Rule 12(b)(6) motion is appropriate in a habeas corpus proceeding. See, Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257, 269 n. 14 (1978); but see Lonchar v. Thomas, 517 U.S. 314, 325-26 (1996). However, in light of the broad language of Rule 4, it has been held in this circuit that motions to dismiss are appropriate in cases that proceed pursuant to 28 U.S.C. § 2254 and present issues of failure to state a colorable claim under federal law, O'Bremski v. Maas, 915 F.2d 418, 420-21 (9th Cir. 1990); procedural default in state court, White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); and failure to exhaust state court remedies, Hillery v. Pulley, 533 F.Supp. 1189, 1194 n.12 (E.D.Cal. 1982).

Analogously, a motion to dismiss a petition for a lack of subject matter jurisdiction is appropriate in the present proceeding because where a petitioner claims that § 2255 provides an ineffective remedy, the district court in which the petition is brought is required initially to rule whether a § 2241 remedy is available under the savings clause of § 2255. Hernandez v. Campbell, 204 F.3d 861, 866 (9th Cir. 2000).

II. Background

In the petition for writ of habeas corpus filed in this Court on March 25, 2013, Petitioner alleges that he is an inmate of the

United States Penitentiary at Atwater, California (USPA), serving a sentence of life imprisonment imposed in September 1996 in case number 8:93-cr-00098 LHM in the United States District Court, Central District of California. (Doc. 1, 1.)  Petitioner describes the relief he seeks as a direction to the Federal Bureau of Prisons (BOP) to correct its records, to add information to Petitioner's central file, and to return a portion of a special assessment paid already by Petitioner. (Id. at 2, 8, 16.)

Petitioner was initially sentenced for conspiracy to manufacture phencyclidine (PCP) (count one), possession of PCC with intent to manufacture PCP (count three), and attempt to manufacture PCP (count four). (Doc. 22-1, 2.) Part of Petitioner's sentence was a $150 special assessment. (Mot. to dismiss, exh. 1, doc. 22-1, p. 4.) On appeal, the Ninth Circuit Court of Appeals affirmed Petitioner's conviction of conspiracy to manufacture PCP and the life sentence for that count (count one), upheld the findings that Petitioner had suffered prior convictions, but vacated and stayed the convictions and sentences on counts three and four because only one punishment should be imposed where, as here, the defendant is convicted of multiple criminal steps leading to the same criminal undertaking. United States v. Brim, 129 F.3d 128, 1997 WL 678361 (9th Cir. 1997) (unpublished). The Ninth Circuit's opinion did not mention Petitioner's special assessment of $150.00.

Petitioner completed payment of his $150 special assessment on October 29, 1997, over a year before he filed his first motion pursuant to 28 U.S.C. § 2255. (Doc. 22-1, 54.) Respondent states that Petitioner does not claim that the district court amended its judgment with respect to the assessment, and further that the

4

district court docket does not reflect any such modification.  (Doc. 22, 3:6-7.)

Petitioner filed his first § 2255 motion on November 9, 1998.  (Doc. 22-1, 35 [C.D. doc. 307].)  After various motions to supplement the motion were filed and counsel was appointed for Petitioner for purposes of the motion, a first amended motion was filed in March 2001, and supplemental issues and briefing were submitted in 2001 and 2002.  (Id., doc. 22-1, 44 [exh. 2, doc. 410]; doc. 22-1, 57-58 [exh. 5, docs. 4, 13, 16, 17, 21].)  In 2003, the motion was denied with prejudice.  (Id., doc. 22-1, 59-60 [docs. 26-27, 31-32].)  The order adopting the report and recommendation to deny the § 2255 motion detailed the issues raised in the motion, which included six initial allegations of ineffective assistance of trial counsel and one of appellate counsel, with supplemental allegations concerning additional incidents of ineffective assistance.  (Doc. 22-1, 67-68.)

On December 1, 2003, in case number 04-55370, the Ninth Circuit Court of Appeals rejected Petitioner's appeal from the denial of his § 2255 motion.  (Doc. 22-1, 93 [exh. 7].)  In the decision, the court concluded that trial counsel had not failed to advise Petitioner of the sentencing consequences of his plea because counsel informed Petitioner accurately regarding those consequences; counsel's evaluation of drug quantity was not unreasonable or improbable and did not constitute a gross mischaracterization of the possible sentence; and Petitioner's claim that his co-defendant, Floyd Osborne, received a lower sentence after having challenged the drug quantity and that thus Petitioner's challenge should likewise succeed, was not meritorious because Osborne was not held

responsible for a significant quantity of narcotics that formed part of the evidence supporting the conspiracy charge, whereas Petitioner was held responsible for all of it.  <u>United States v. Brim</u>, 148 Fed.Appx. 619, 2005 WL 2187421, **1-**2 (9th Cir. Sept. 12, 2005).

Petitioner filed additional petitions, including 1) a purported § 2241 petition in the Central District of California in October 2007, raising the allegedly erroneous assessment of $150 and alleged errors in his central file, which was construed as a motion to vacate pursuant to § 2255 and was denied in February 2008 as untimely and successive (Exh. 8, doc. 22-1, 99-101, ECF no. 9; exh. 9, doc. 22-1, 103-06); 2) a motion in 2011 to reopen his initial § 2255 motion in the Central District pursuant to Fed. R. Civ. P. 60(b) (Exh. 5, doc. 22-1, 60 [ECF no. 39]) and 3) a motion in 2012 in the Central District pursuant to Fed. R. Crim. P. 36 to correct a clerical error in the report and recommendation (<u>id.</u> at 61 [ECF no. 41]).  The second and third motions were found to be additional successive § 2255 motions and were denied as untimely and successive.  (Exh. 10, doc. 22-1, 109.)  However, the court stated in the decision that even if it considered Petitioner's motions on the merits, it would deny the motions, which boiled down to Petitioner's argument that the government failed to prove the quantity of PCP relevant to his conviction, his sentence, and to the advice he received from counsel in deciding to reject a plea bargain.  The Court stated:

> The problem for Petitioner is that, even accepting his argument that the exact PCP yield was indeterminable, he still would have been subject to a 360-life sentence under the proposed plea agreement, as his counsel advised him, based on the amount of the precursor chemicals alone. Likewise, given the quantity of precursors, Defendant cannot show that he was actually innocent of

6

>   conspiring to manufacture more than one kilogram of
>   PCP, as required for his conviction.

(Exh. 10, doc. 22-1, 107-10 [ECF no. 43 at 2-3]).

Petitioner filed another motion pursuant to § 2255 in the Central District on September 20, 2012, which a copy of the docket submitted by Respondent shows to be pending. (Ex. 11, doc. 22-1, 112-13.)

The petition filed in the instant action in March 2013 raises the validity of the $150 assessment, the criminal history calculation used in arriving at Petitioner's sentence, and the determination of drug quantity underlying his sentence.

### III.   Inadequate or Ineffective Remedy

#### A.   Legal Standards

A federal prisoner who wishes to challenge his conviction or sentence on the grounds it was imposed in violation of the Constitution or laws of the United States or was otherwise subject to collateral attack must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  28 U.S.C. § 2255; Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).  In such cases, the motion must be filed in the district where the defendant was sentenced because only the sentencing court has jurisdiction. Hernandez v. Campbell, 204 F.3d at 864; Tripati, 843 F.2d at 1163. Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Stephens v. Herrera, 464 F.3d at 897;  Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner,

7

location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1990).

Title 28 U.S.C. § 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 only if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the legality of his detention." <u>United States v. Pirro</u>, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255). Although there is little guidance on when § 2255 is an inadequate or ineffective remedy, in the Ninth Circuit it is recognized that the exception is narrow. <u>Id.</u>; <u>Moore v. Reno</u>, 185 F.3d 1054, 1055 (9th Cir. 1999) (dismissal of a successive motion pursuant to § 2255 did not render such motion procedure an ineffective or inadequate remedy so as to authorize a federal prisoner to seek habeas relief); <u>Aronson v. May</u>, 85 S.Ct. 3, 5 (1964) (denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); <u>Tripati</u>, 843 F.2d at 1162-63 (noting that a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); <u>see</u>, <u>United States v. Valdez-Pacheco</u>, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by filing a petition for writ of audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651). The burden is on

the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). If a petitioner proceeding pursuant to § 2241 fails to meet his burden to demonstrate that the § 2255 remedy is inadequate or ineffective, then the § 2241 petition will be dismissed for lack of jurisdiction. Ivy v. Pontesso, 328 F.3d 1057, 1061 (9th Cir. 2003).

The AEDPA limits the circumstances under which a petitioner may file a second or successive motion pursuant to § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> 1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> 2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

### B. Analysis

Although Petitioner characterizes the target of his challenges as information in his central file that is affecting his placement and opportunities for release, it is clear that the matters of which Petitioner complains ($150 assessment, criminal history score, drug quantity determination) were determined in connection with the selection and imposition of Petitioner's sentence. Because Petitioner challenges his underlying conviction and sentence and not errors in the administration of his sentence, the petition appears to come within the scope of 28 U.S.C. § 2255(a).

If Petitioner's challenges are of the type properly brought pursuant to § 2255, then this proceeding must be dismissed because

Petitioner has failed to obtain permission to bring a successive § 2255 motion.

### 1. Inadequate and Ineffective Remedy

Petitioner argues that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention.

The Court notes Petitioner's numerous, unsuccessful applications for relief that have been grounded in § 2255. However, the fact that Petitioner has previously brought a § 2255 motion that has been denied is insufficient to show that the remedy by way of § 2255 is inadequate or ineffective. <u>Aronson v. May</u>, 85 S.Ct. at 5. Further, the mere failure to meet the statutory bar for successive motions does not render the remedy under § 2255 inadequate or ineffective pursuant to 28 U.S.C. § 2255(e) and (h). <u>See</u>, <u>Moore v. Reno</u>, 185 F.3d at 1055. It is established that the authority of federal courts to grant habeas relief under § 2241 is limited by § 2255. <u>Tripati v. Henman</u>, 843 F.2d at 1162.

### 2. Actual Innocence

Petitioner also appears to be arguing that the § 2255 remedy is inadequate or ineffective because he has not had an opportunity to raise his claims and has shown that he is actually innocent.

Although authority in this circuit is limited, it is recognized that the § 2255 remedy is inadequate and ineffective, and thus a petition pursuant to § 2241 is available, when the petitioner 1) claims to be factually innocent of the crime for which he has been convicted, and 2) has never an "unobstructed procedural shot" at presenting the claim. <u>Stephens v. Herrera</u>, 464 F.3d at 898.

A claim of actual innocence for purposes of the "escape hatch" of § 2255 is assessed by the test stated in <u>Bousley v. United</u>

States, 523 U.S. 614, 623 (1998), which in turn requires that the petitioner demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Stephens, 464 F.3d at 898.

To determine the adequacy of a petitioner's opportunity to raise a claim, a court determines whether the basis of the claim was available at the time of the direct appeal and the first § 2255 motion, and it considers whether 1) the legal basis for the petitioner's claim did not arise until after he had exhausted his direct appeal and his first § 2255 motion, and 2) whether the law changed in any way relevant to the petitioner's claim after the first § 2255 motion. Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011). An intervening court decision that effects a material change in the applicable law that forms the basis for a claim may warrant resort to relief pursuant to § 2241. Id. However, where a petitioner fails to raise a claim at trial or on direct appeal even though the legal basis for the claim was clear at those times, the petitioner has not shown that the claim was not available until after the filing of the first § 2255 motion. Harrison v. Ollison, 519 F.3d 952, 960-61 (9th Cir. 2008); Ivy v. Pontesso, 328 F.3d at 1060.

Here, with respect to Petitioner's claim concerning the $150 assessment, it is clear that the fee was part and parcel of the initially imposed sentence. Petitioner raised this claim in the § 2241 petition filed in the Central District, and the court concluded that the claim was actually a challenge to a sentence that should have been brought pursuant to § 2255. (Mot., exh. 9, doc. 22-1 at 105-06 [Brim v. Norwood et al., case no. cv 07-04473 DDP,

11

doc. 9 filed February 5, 2008 at 3-4].)  The decision vacating and staying Petitioner's additional sentences issued in the year before Petitioner filed his first § 2255 motion.  Further, Petitioner raised the issue before the Central District in a motion to vacate or correct his sentence, and the court concluded that because the Ninth Circuit reversed the convictions and sentences on two of three counts due to all three counts' being part of one criminal undertaking, imposition of a separate assessment upon each of the three counts would constitute multiple punishments for the same criminal undertaking.  The court granted the motion and ordered that Petitioner's assessment be reduced from $150 to $50.  (Opp. to mot., doc. 26, 13-15 [Brim v. United States of America, case no. cv 12-08107 DDP and SA CR 93-00098 LHM, order den. § 2255 mot. & granting Rule 36 mot., dated July 19, 2013, pp. 5-7].)  Accordingly, the Court concludes that Petitioner had an unobstructed shot at raising this claim.

Further, the argument that Petitioner should not be punished for reversed counts is not a claim of actual innocence of the commitment offense.

The Court concludes that as to Petitioner's claim concerning the assessment, Petitioner has not shown that the remedy by way of § 2255 is inadequate or ineffective, that he was deprived of an unobstructed procedural shot at raising the claim, or that he is actually innocent.

With respect to Petitioner's criminal history score, the claim set forth by Petitioner is that his score was incorrectly calculated in the presentence report (PSR) because more weight was given to a prior conviction than was appropriate in light of the passage of

12

time after Petitioner suffered the prior conviction. This claim thus relates to his sentence and not any determination by the BOP. Petitioner could have raised this claim on direct appeal, see, United States v. Grob, 625 F.3d 1209, 1212 (9th Cir. 2010), or in his first § 2255 motion. Petitioner has not shown that he lacked an unobstructed, clear procedural shot at raising the issue. Further, Petitioner's claim that his record of prior convictions fell in a different criminal history category does not amount to a claim of actual innocence.

In summary, the Court concludes that as to Petitioner's claim concerning his criminal history score, Petitioner has not shown that the remedy by way of § 2255 is inadequate or ineffective, that he was deprived of an unobstructed procedural shot at raising the claim, or that he is actually innocent.

Petitioner's third claim is that the sentencing court's drug quantity determination was incorrect. To the extent that the claim rests on the Ninth Circuit's reduction of a co-defendant's sentence, the claim was rejected by the Ninth Circuit Court of Appeals in Petitioner's appeal from the denial of his § 2255 motion. (Mot., exh. 7, doc. 22-1 at 93 [Ninth Cir. case no. 04-55370, dated Dec. 1, 2003].) The court reasoned that Osborne was not held responsible for a significant quantity of narcotics that formed part of the evidence supporting the conspiracy charge, whereas Petitioner was held responsible for all of it. United States v. Brim, 148 Fed.Appx. 619, 2005 WL 2187421, **1-**2 (9th Cir. Sept. 12, 2005).[1]

---

[1] As Respondent notes, the PSR reflects that the offense conduct section and offense level computations were modified to take into account the Ninth Circuit's decision regarding co-defendant Osborne by August 20, 1996, before Petitioner was sentenced. (Mot., exh. 3, PSR at 1, 2 n.1)

13

To the extent that the claim rests on the resolution of conflicting evidence as to quantity provided by expert witnesses, Petitioner raised the issue in the Central District, and the court noted that even if it considered Petitioner's claim on the merits, it would be rejected because despite a controversy regarding the precise yield of PCP involved, Petitioner still would have been subject to a sentence of 360 to life based on the amount of the precursor chemicals alone. (Exh. 10, doc. 22-1, 107-10 [ECF no. 43 at 2-3]). Further, this Court notes that Petitioner's claim concerning the amount of drugs for which he was found responsible does not amount to a claim that Petitioner was actually innocent of the commitment offense.

    The Court concludes that Petitioner has not shown that the remedy by way of § 2255 is inadequate or ineffective, that he was deprived of an unobstructed procedural shot at raising the claim, or that he is actually innocent.

    Petitioner alleges that the BOP maintains records with inaccurate information, namely, records of the sentence and underlying findings regarding Petitioner's criminal history category and the drug quantity finding based on the government's expert witness that was rejected by the Ninth Circuit.  Petitioner argues that this information is used to maintain Petitioner's custody classification, prison placement, and release date.  However, Petitioner has not shown any prejudice.

    Further, Petitioner relies on the Privacy Act, which provides for an action against an agency to amend the agency's records. (See, e.g., 5 U.S.D. § 552a(e)(5), which requires federal agencies to maintain an accurate and complete record system.)  Even if the

Privacy Act were to apply to court records, it appears that the BOP has complied with the statutory requirements because there is no indication that the BOP's files contain anything but true copies of the judgment and orders issued by the district court and the PSR as generated by the United States Probation Office.

In summary, it is concluded that because the petition challenges Petitioner's sentence, and further because Petitioner has not shown that his remedy by way of § 2255 is inadequate or ineffective or that Petitioner is actually innocent of the commitment offense, this Court lacks jurisdiction over the petition.

Accordingly, Respondent's motion to dismiss the petition will be granted.

IV.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255.  28 U.S.C. § 2253(c)(1)(B); Hohn v. United States, 524 U.S. 236, 239-40 (1998). Appeal from a proceeding that is nominally undertaken pursuant to 28 U.S.C. § 2241, but which is really a successive application under § 2255, requires a certificate of appealability. Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001).

It appears from Petitioner's § 2241 petition that Petitioner is raising previously unsuccessful claims attacking only the legality of his conviction and sentence, and not the execution of his sentence.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2).  Under this standard, a petitioner must show that

reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional or other federally protected right.

Accordingly, the Court will decline to issue a certificate of appealability.

V. Disposition

In accordance with the foregoing analysis, it is ORDERED that:

    1) Respondent's motion to dismiss the petition is GRANTED; and

    2) The petition for writ of habeas corpus is DISMISSED for lack of subject matter jurisdiction; and

    3) The Court DECLINES to issue a certificate of appealability; and

    4) The Clerk is DIRECTED to close the case.

IT IS SO ORDERED.

Dated: **October 28, 2013**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE